UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JASON KAUFFMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>CANCER GENETICS, INC., GEOFFREY HARRIS, EDMUND CANNON, HOWARD MCLEOD, FRANKLYN G. PENDERGAST, STEMONIX, INC., and CGI ACQUISITION, INC.,<br><br>           Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 24, 2020 (the "Proposed Transaction"), pursuant to which Cancer Genetics, Inc. ("Cancer Genetics" or the "Company") will be acquired by StemoniX, Inc. ("StemoniX") and CGI Acquisition, Inc. ("Merger Sub").

2. On August 21, 2020, Cancer Genetics' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger and reorganization (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into StemoniX, with StemoniX surviving as a wholly-owned subsidiary of Cancer Genetics; and (ii) Cancer Genetics will issue a number of shares of Cancer Genetics common stock to StemoniX such that former StemoniX shareholders

will own approximately 78% of the outstanding shares of common stock of Cancer Genetics and shareholders of Cancer Genetics will own approximately 22%.

3. On October 16, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cancer Genetics common stock.

9. Defendant Cancer Genetics is a Delaware corporation and maintains its principal executive offices at 201 Route 17 North, 2nd Floor, Rutherford, New Jersey 07070. Cancer Genetics' common stock is traded on the NASDAQ Capital Market under the ticker symbol "CGIX."

10. Defendant Geoffrey Harris is Chairman of the Board of the Company.

11. Defendant Edmund Cannon is a director of the Company.

12. Defendant Howard McLeod is a director of the Company.

13. Defendant Frankyln G. Prendergast is a director of the Company.

14. The defendants identified in paragraphs 10 through 13 are collectively referred to herein as the "Individual Defendants."

15. Defendant StemoniX is a Minnesota corporation and a party to the Merger Agreement.

16. Defendant Merger Sub is a Minnesota corporation, a wholly-owned subsidiary of Cancer Genetics, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Through its *vivo*Pharm subsidiary, Cancer Genetics offers proprietary preclinical test systems supporting clinical diagnostic offerings at early stages, valued by the pharmaceutical industry, biotechnology companies, and academic research centers.

18. *vivo*Pharm specializes in conducting studies tailored to guide drug development, starting from compound libraries and ending with a comprehensive set of *in vitro* and *in vivo* data and reports, as needed for Investigational New Drug filings.

19. *vivo*Pharm operates in The Association for Assessment and Accreditation of Laboratory Animal Care International accredited and GLP compliant audited facilities.

20. On August 21, 2020, Cancer Genetics' Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into StemoniX, with StemoniX surviving as a wholly-owned subsidiary of Cancer Genetics; and (ii) Cancer Genetics will issue a number of shares of Cancer Genetics common stock to StemoniX such that former StemoniX shareholders will own approximately 78% of the outstanding shares of common stock of Cancer Genetics and shareholders of Cancer Genetics will own approximately 22%.

22. According to the press release announcing the Proposed Transaction:

> Cancer Genetics, Inc. (the "Company") (Nasdaq: CGIX), and StemoniX, Inc., today announced the entry into a definitive merger agreement. Cancer Genetics is a leader in drug discovery and preclinical oncology and immuno-oncology services. StemoniX, a private company, is a leader in developing high-throughput disease-specific human organoid platforms integrated with leading-edge data science technologies. Under the terms of the merger agreement, StemoniX will merge with a newly formed subsidiary of Cancer Genetics in an all-equity transaction. Upon shareholder approval, the combined company expects to remain listed on the Nasdaq Stock Market. StemoniX will retain its name and become a wholly-owned subsidiary of Cancer Genetics. . . .
>
> ABOUT THE TRANSACTION
>
> Pursuant to the merger agreement, Cancer Genetics will acquire all of the outstanding capital stock of StemoniX in exchange for a number of shares of its common stock which will represent approximately 78% of the outstanding common stock of Cancer Genetics, subject to certain adjustments and prior to the effects of the financing referred to below, with the current equity holders of Cancer Genetics retaining 22% of the common stock immediately following the consummation of the merger.
>
> The Boards of Directors of both companies have approved the proposed merger, which is expected to close in the fourth quarter of 2020, subject to the approval of the shareholders of both Cancer Genetics and StemoniX, financing and other

customary closing conditions.

H.C. Wainwright & Co. is acting as financial advisors to the Board of Directors of Cancer Genetics, and Lowenstein Sandler is acting as its legal counsel. Northland Securities, Inc. is acting as financial advisor to the Board of Directors of StemoniX and Taft, Stettinius & Hollister is acting as its legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

23. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Registration Statement omits material information.

25. The Registration Statement fails to disclose the terms and values of the indications of interest and proposals received during the process leading up to the execution of the Merger Agreement, including but not limited to: (i) those from the four potential purchasers of the *vivi*Pharm business unit; (ii) the five written proposals received by the Company by November 25, 2019; (iii) those from the twelve candidate companies received by the Company by February 27, 2020; (iv) those from the "2 companies [that] provided unsolicited offers without entering into a confidentiality agreement"; and (v) those received from an additional twelve companies following the February 27, 2020 meeting.

26. The Registration Statement fails to disclose whether the Company executed any confidentiality agreements that contained "don't ask, don't waive" provisions.

27. The Registration Statement fails to disclose the financial analyses performed by the Company's financial advisor, H.C. Wainwright & Co. ("Wainwright"), during the process leading up to the execution of the Merger Agreement.

28. The Registration Statement fails to disclose the terms of Wainwright's engagement, including: (i) the amount of compensation Wainwright has received or will receive in connection with its engagement; (ii) the amount of Wainwright's compensation that is contingent upon the

consummation of the Proposed Transaction; (iii) whether Wainwright has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by Wainwright for providing such services.

29. The Registration Statement fails to disclose the Company's financial projections, as well as StemoniX's financial projections.

30. The omission of the above-referenced material information renders the Registration Statement false and misleading.

31. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cancer Genetics

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Cancer Genetics is liable as the issuer of these statements.

34. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

35. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

37. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and StemoniX**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants and StemoniX acted as controlling persons of Cancer Genetics within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Cancer Genetics and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants and StemoniX was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

44. StemoniX also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

45. By virtue of the foregoing, the Individual Defendants and StemoniX violated Section 20(a) of the 1934 Act.

46. As set forth above, the Individual Defendants and StemoniX had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 10, 2020             **RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
     Seth D. Rigrodsky (#3147)
     Brian D. Long (#4347)
     Gina M. Serra (#5387)
     300 Delaware Avenue, Suite 210
     Wilmington, DE 19801
     Telephone: (302) 295-5310
     Facsimile: (302) 654-7530
     Email: sdr@rl-legal.com
     Email: bdl@rl-legal.com
     Email: gms@rl-legal.com

*Attorneys for Plaintiff*